EUGENE TANGNEY, BY JOSEPH R. NOLAN, HIS NEXT
FRIEND, v. J. B. WILSON & COMPANY
(A CORPORATION).

*Master and servant—Negligence—Defective appliances.*

Plaintiff, while pulling down an iron door, which was moved by
means of a chain running over pulleys, and fastened to the
top of the door, a weight being attached to the other end
of the chain, was injured by its falling upon him. The
chain broke, and on inspection it was found to have been con-
nected together at one point with coils or strands of wire,
which had broken or pulled apart. Plaintiff was unaware of
the existence of this wire connection, and one of his fellow-
servants, who had been in defendant's employ for eight years,
testified to his want of such knowledge, and that he had
never known of any repairs or inspection of the chain. And
it is held that plaintiff made a sufficient showing to go to the
jury, the case being ruled by *Weiden v. Electric Light Co.*, 73
Mich. 268; *Johnson v. Spear*, 76 Id. 139; *Van Dusen v. Letel-
lier*, 78 Id. 492; *Morton v. Railroad Co.*, 81 Id. 423.

| | |
|---|---|
| 87 | 453 |
| 90 | 571 |
| 87 | 453 |
| 97 | 336 |
| 87 | 453 |
| 107 | 595 |
| 108 | 399 |
| 87 | 453 |
| 118 | 277 |
| 87 | 453 |
| s49NW | 666 |
| 129 | 389 |
| 129 | 488 |
| 87 | 453 |
| 135 | 97 |

Error to Wayne. (Gartner, J.) Submitted on briefs
June 20, 1891. Decided July 28, 1891.

Negligence case. Plaintiff brings error. Reversed. The
facts are stated in the opinion.

*Sloman, Berry & Duffie* (*C. E. Warner*, of counsel), for
appellant.

*Wisner, Speed & Harvey* (*F. C. Harvey*, of counsel), for
defendant, contended:

1. Negligence cannot be presumed, but, when relied upon as a
cause of action, it must be affirmatively proved in the manner
pleaded; citing *Mitchell v. Railway Co.*, 51 Mich. 236; *Alpern
v. Churchill*, 53 Id. 607; *Mynning v. Railroad Co.*, 59 Id. 257,
67 Id. 677; nor can it be inferred from mere conjecture; citing
*Hewitt v. Railroad Co.*, 67 Mich. 61.

2. If the knowledge or ignorance of a master and servant of defective apparatus is the same, the servant cannot recover. Each is bound to exercise ordinary care; citing *Railroad Co. v. Austin*, 40 Mich. 247; *Batterson v. Railway Co.*, 49 Id. 184; *Balle v. Leather Co.*, 73 Id. 158.

MORSE, J.   This is an action for personal injuries. The court below directed a verdict for the defendant on the ground that no negligence on its part had been shown. There was no testimony given on behalf of the defendant, and the case rested upon the showing on the part of the plaintiff.

At the time of the injury plaintiff was 20 years of age, and had been in the employ of the defendant about five months.   His duties consisted in making cores in a foundry for iron castings, placing them on a carriage, pushing the carriage into the drying oven or furnace, lighting the fires, and adjusting an iron door in front of the furnace.   The door was made of sheet-iron over an iron frame-work, and was 10 feet high by 6 or 7 feet in width, and weighed between 250 and 300 pounds.   It was moved up and down over the entrance to the furnace by means of a chain fastened to its top, and running up over a trolley-wheel or fixed pulley, across to another wheel about four feet distant, and from thence down the wall of the foundry nearly to the ground.   To this end of the chain a weight was attached, which counter-balanced the weight of the door.   It will be seen that when the door was up there was a constant strain on the chain at least equal to the weight of the door.   The door, when up, was higher than a person's head.   There was a rim on the inside of the door, or the frame, which was taken hold of by the hands to pull it down. It took two persons to do this.

As plaintiff and another employé, on the 28th of January, 1890, were pulling this door down, the chain

broke, and the door fell upon plaintiff, breaking his leg and otherwise injuring him. The chain was covered with grease and soot, so that its condition when in place was not well open to observation. The chain was of wrought iron, and the links were about two inches in length, and from a quarter to five-sixteenths of an inch in thickness. It was found after the accident that this chain had been connected together in one place with coils or strands of wire, which had broken or pulled apart. The wire was rusty, and had evidently been there a long time. The fact of this wire connection was unknown to plaintiff; and James Hurley, who had worked in the foundry since 1882, testified that he did not know there was any wire there until it broke. He had never known of any repairs to the chain while he was there, or of any inspection of it by any one. The witnesses could not tell definitely what the dimensions of the wire were, but it was shown to be from one-sixteenth to one-eighth of an inch in thickness; nor was it shown definitely how it was arranged,—how many strands there were in the coil, or whether it was twisted together or not. The fact was apparent, however, that the wire had become in some manner, probably from rust, so weakened that it could not stand the strain, and broke or parted. It was not shown with any certainty whether more than one strand of the wire was broken. One witness thought they were all broken, and that there were four or five strands in all, but there might have been a dozen.

I think the plaintiff made a sufficient showing to go to the jury, and that the case is ruled by the following cases in this Court: *Van Dusen v. Letellier*, 78 Mich. 492; *Johnson v. Spear*, 76 Id. 139; *Morton v. Railroad Co.*, 81 Id. 423; *Weiden v. Electric Light Co.*, 73 Id. 268.

It was the duty of defendant to provide a safe place for plaintiff's work, and to furnish safe and suitable

appliances to be used in and about his work. And its duty did not end here. It was also its duty to see that the appliances so furnished should be kept safe, so far as reasonable and proper watchfulness and inspection would enable it to do so. It was the duty of defendant to guard against the dangers liable to arise from the almost constant strain upon this chain, and the wear and tear of its moving. It is certainly shown by the testimony that the use of this wire weakened the strength of this chain, and therefore imposed upon the defendant more than ordinary watchfulness and care. The evidence tended to show that it had been in this condition for eight years without change or inspection. This chain must have been joined by this wire connection either by the defendant, or with its knowledge and consent, or it was negligent in its examination of it. If joined by the defendant, its duty was to examine it frequently, to note its condition. It may be that the defendant can explain the condition of this wire, so as to rebut any presumption of negligence arising from the facts shown by plaintiff; but until it does so the plaintiff, in my opinion, has made a case for recovery.

The judgment is reversed, and a new trial ordered, with costs of this Court to plaintiff.

The other Justices concurred.