CARNELL v. HALPIN.

1. MASTER AND SERVANT — NEGLIGENCE — SCAFFOLDING — SAFE PLACE.

   The failure of an employer to furnish sound lumber for a scaffold for an employé engaged in the work of putting up storm windows, and not familiar with the requirements of scaffolding, is evidence of negligence.

2. EVIDENCE — LAWS OF FOREIGN COUNTRIES — PRESUMPTIONS — JUDICIAL NOTICE.

   An action of tort arising in a foreign jurisdiction is not barred on the ground that no recovery could be had in such jurisdiction without evidence of the foreign law.

Error to Wayne; Donovan, J. Submitted October 13, 1909. (Docket No. 78.) Decided December 10, 1909.

Case by Frank B. Carnell against Joseph J. Halpin for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Charles T. Wilkins*, for appellant.

*Frank C. Cook*, for appellee.

MOORE, J. This case was begun to recover damages for personal injuries sustained by the plaintiff December 16, 1904, by a fall caused by the breaking of part of a scaffold on which he was working for the defendant in the construction of storm windows in a church at Sandwich, Ontario. The plaintiff and the defendant are both residents of Detroit, where the latter is engaged in the manufacture of stained and other glass windows, and in setting them. The trial judge directed a verdict in favor of defendant. The case is brought here by writ of error.

The plaintiff is a lead glazier, and had been engaged in that trade for about a year previous to the time of entering

defendant's employ, in July, 1904. It is his claim: That before that time he had no experience in any work outside shopwork, and his work in the defendant's employ was benchwork in the defendant's factory, putting together glass that had been cut to pattern, in stained, pattern, and figured windows. That after that date, until the injuries occurred, he had been engaged on only two jobs outside defendant's factory, both of which were on church windows; on one of which his work was entirely inside the church and was done from planks laid across painters' horses, and the outside work on the other of which was done from ladders; plaintiff holding the base of the ladder while another man worked on it. It was his further claim that he had never had any experience on a scaffold, or in building a scaffold, or with lumber or in carpentering.

The defendant had a contract to put up some 22 large storm windows, and sent the plaintiff there with James Bracken, foreman in his business, who was in charge of the work. Later on Walters and one Bealer were sent over to help with the work. The work was going on for several days, when it was decided to put up a scaffold. It was the testimony of defendant that he and Mr. Bracken called at a lumber yard in Windsor, and the proprietor was told of the job at Sandwich, and "that Bracken was going to look after it for me and to give him at the proper time whatever lumber he would require and charge it to me." It is not admitted by plaintiff that any such conversation occurred, and complaint is made that the cross-examination of Mr. Halpin was cut short with an intimation from the trial judge that he was ready to instruct the jury about the material.

It is the claim of the plaintiff that, instead of new and suitable material being supplied, the planks which were used on the platform were taken from a pile of old planks that had previously been used for sidewalks, and that they were not suitable material for the construction of a platform. It was shown by the cross-examination of plaintiff that he assisted in bringing the planks from the

pile to where they were used; but, as before stated, he claims to have had no experience as to lumber or its suitableness for a platform, and that he was simply carrying out the orders of the foreman. The trial judge, among other things, said to the jury:

"The employer in this case provided material as I deem it, and an experienced foreman, a man of bright intelligence, and they were all very intelligent, all understood the English language. A lumber firm was instructed to supply the material, all that was needed, and the employer thereby did his whole duty."

As before stated, a verdict was directed in favor of defendant. In doing this we think the judge erred. The case was one to be submitted to the jury under proper instructions. See 2 Labatt on Master & Servant, p. 1654; *Lafayette Bridge Co.* v. *Olsen*, 108 Fed. 335 (47 C. C. A. 367, 54 L. R. A. 33); *Richards* v. *Hayes*, 17 App. Div. 422 (45 N. Y. Supp. 234); *Brown* v. *Gilchrist*, 80 Mich. 56 (45 N. W. 82, 20 Am. St. Rep. 496); *Morton* v. *Railroad Co.*, 81 Mich. 423 (46 N. W. 111); *Tangney* v. *Wilson & Co.*, 87 Mich. 453 (49 N. W. 666); *McIntyre* v. *Detroit Safe Co.*, 129 Mich. 385 (89 N. W. 39); *McDonald* v. *Railroad Co.*, 132 Mich. 372 (93 N. W. 1041, 102 Am. St. Rep. 426).

It is suggested that the directed verdict should stand, though it should be found that the reason given by the judge for directing the verdict was not a good one, as under the law of Canada the plaintiff cannot recover. An answer to this suggestion is found in the fact that no proof was made in the lower court as to the law of Canada applicable to the case. See *Jones* v. *Palmer*, 1 Doug. (Mich.) 379; *Crane* v. *Hardy*, 1 Mich. 56.

Judgment is reversed, and new trial ordered.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.