BITTNER *v.* HOWIE ROOFING CO.

MASTER AND SERVANT—SCAFFOLD—MATERIALS FURNISHED—DUTY
TO SUPPLY SUITABLE LUMBER.

> In the construction of a scaffold for the erection of a
> building, it is the master's duty to provide suitable ma-
> terial: evidence that plaintiff was hurt by the breaking
> of a weak board containing a knot, that other men had
> refused to work on the scaffold because they considered
> it unsafe, that there was not sufficient good lumber at
> hand when the scaffold was built to construct a safe one
> (although defendant produced testimony to the con-
> trary), warranted the court in submitting to the jury the
> question whether suitable material had been supplied.

Error to Wayne; Hally, J. Submitted April 10,
1913. (Docket No. 23.) Decided September 30,
1913.

Case by Gustave Bittner against the Howie Roofing
Company for personal injuries. Judgment for plain-
tiff. Defendant brings error. Affirmed.

*Keena, Lightner, Oxtoby & Oxtoby,* for appellant.

*Florian, Moore & Wilson,* for appellee.

MOORE, J. Plaintiff was injured on February 9,
1911, while in defendant's employ, upon a scaffold.
The writ of error is brought in this case to review a
judgment obtained in his favor.

It is the claim of the plaintiff: *First.* That suit-
able and sufficient scaffold building material was not
furnished on the job by the master before the acci-
dent. *Second.* That the foreman employed to super-
vise the erection of the scaffold was an iron worker
and was not a judge of different varieties of wood

and was not competent to supervise the erection of a scaffold.

The plaintiff was not familiar with the English language. He was about 30 years old, had been a painter, and had followed other callings. He testified:

"When I came on the job in Wayne the scaffold had already been up and a part of the work had already been done. I assisted in moving the scaffold from place to place on the first two days. I had never acted as a carpenter nor as a wood worker. I know nothing about the strength of different timbers."

The defendant was erecting a building in Wayne, having a steel frame and a corrugated iron covering, for the good roads commission. The plaintiff was a helper. The day he was hurt he stood upon a platform under the roof, holding a block under a rivet while the man upon the roof hammered the rivet. In the scaffold were one or more planks 2x6 inches. The plaintiff stepped upon one of these. It broke and he fell to the ground more than 20 feet below and received severe injuries. It is claimed the plank broke because it had a large knot in it. Many witnesses were sworn on the part of the plaintiff. One was sworn on the part of the defendant.

The judge charged the jury in part as follows:

"In considering the question whether defendant had performed its duty in supplying suitable material for its scaffold, it makes no difference whether the material on hand belonged to defendant or whether it belonged to the good roads commission or any other person so long as Keen understood that he had permission, expressed or implied, to use such material. It is immaterial whether the plank which broke belonged to defendant or not. The important and only question for you to consider is whether, at the time the plank was taken for use in the scaffold, there was on hand, subject to the use of Keen and his men, other lumber from which they might have selected good plank for the purpose. If you find from all the evidence that there was sufficient material on hand at

the time the scaffolds were built from which the men could select suitable material, and that the accident happened because the scaffold was constructed in an improper manner, your verdict will be for the defendant. Even if you think there was no other material on hand for Keen and his men to select from when the scaffolds were put up, nevertheless if from the evidence you should find that, at the time the scaffolds were moved and rebuilt within a day before the accident, there was lumber on the premises which the men could have used to replace any defective timber, then your verdict will be for the defendant.

"You will not find defendant liable in this action on any theory that it did not perform its full duty to plaintiff except only by deciding against defendant's contention the specific propositions, as explained to you elsewhere in the court's charge, that the defendant did not place at the disposal of Keen and the men sufficient lumber from which Keen and the men could have made a selection of good material with which a safe scaffold might have been built."

Counsel for the appellant contend, and we quote from the brief:

"By its assignments of error the defendant and appellant raises in this court the sole question whether, upon the entire record, a verdict should have been directed in favor of the defendant. The exceptions taken upon the trial, which do not bear upon this proposition, have been waived, and, if the court does not agree with us on this proposition, we ask that the judgment in the court below be affirmed."

Counsel urgently contends that there was a sufficient supply of suitable material to make the scaffolds. That, if defendant did not own it, it had permission to use material belonging to the good roads commission, for whom defendant was doing the work. On the part of the plaintiff counsel call attention to testimony that indicates there was not an adequate supply of suitable material, and that two men had declined to work because they did not regard the scaffold as safe. It would profit no one to set out this testimony

in detail. We shall content ourselves with saying that we think there was enough of it to justify the charge of the court to the jury. See *Thomas* v. *Railroad Co.,* 114 Mich. 59 (72 N. W. 40) ; *Carnell* v. *Halpin,* 159 Mich. 42 (123 N. W. 578).

Judgment is affirmed.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.